Of Counsel:
DEELEY KING PANG & VAN ETTEN
A LIMITED LIABILITY LAW PARTNERSHIP

| | |
|---|---|
| ALAN VAN ETTEN | 1279-0 |
| TRISTAN S. D. ANDRES | 10066 |
| TAIKI N. HAYAKAWA | 10783 |

1003 Bishop Street
Pauahi Tower, Suite 1550
Honolulu, Hawai'i 96813
Telephone:  (808) 533-1751
Facsimile:  (808) 599-2908
E-Mail:  ave@dkpvlaw.com
 ta@dkpvlaw.com
 th@dkpvlaw.com

Attorneys for Plaintiff
ARGONAUT INSURANCE COMPANY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ARGONAUT INSURANCE COMPANY, an Illinois Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>ST. FRANCIS MEDICAL CENTER, JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10; AND DOE ENTITIES 1-20,<br><br>Defendants. | Civil No. _____<br>(Declaratory Judgment)<br><br>COMPLAINT FOR DECLARATORY JUDGMENT; CORPORATE DISCLOSURE STATEMENT |

## COMPLAINT FOR DECLARATORY JUDGMENT

Comes now Plaintiff Argonaut Insurance Company ("Argonaut"), by and through its attorneys, Deeley, King, Pang, & Van Etten, and alleges and avers as follows.

## PARTIES, JURISDICTION, AND VENUE

1. Argonaut is, and at all relevant times herein has been, a corporation incorporated in the State of Illinois, with its principal place of business in San Antonio, Texas.

2. Upon information and belief, Defendant St. Francis Medical Center ("SFMC") is, and at all relevant times herein has been, a not-for-profit corporation incorporated in the State of Hawaiʻi, with its principal place of business in the City and County of Honolulu, in the State of Hawaiʻi.

3. Argonaut brings this action under 28 U.S.C. § 1332 and 28 U.S.C. § 2201, asking this Court to determine, as a matter of law, the rights and other legal relations between Argonaut and SFMC arising out of certain alleged policies of insurance.

4. There is diversity of citizenship between Argonaut and SFMC.

5. The amount in controversy, exclusive of interest and costs, exceeds $75,000.

6. There is an actual and continuing controversy between Argonaut and SFMC.

7. All or a substantial portion of the events giving rise to this action occurred within the State of Hawai'i.

8. Venue lies in this Court pursuant to 28 U.S.C. §1391.

## THE UNDERLYING LAWSUITS

9. SFMC is a named defendant in the following lawsuits: (1) the consolidated cases of <u>Loy K.S. Watanabe et al. v. Trustees of the Estate of Bernice Pauahi Bishop *dba* Kamehameha Schools, et al.</u>, Civil No. 16-1-0086-01 DEO (filed in the Circuit Court of the First Circuit, State of Hawai'i); <u>David W.K. Auld et al. v. Trustees of the Estate of Bernice Pauahi Bishop *dba* Kamehameha Schools, et al.</u>, Civil No. 16-1-0786-04 DEO (filed in the Circuit Court of the First Circuit, State of Hawai'i); <u>John Doe 1 v. Trustees of the Estate of Bernice Pauahi Bishop *dba* Kamehameha Schools, et al.</u>, Civil No. 16-1-0574-03 DEO (filed in the Circuit Court of the First Circuit, State of Hawai'i); and <u>Student Doe 30 v. Trustees of the Estate of Bernice Pauahi Bishop *dba* Kamehameha Schools, et al.</u>, Civil No. 16-1-0809-04 DEO (filed in the Circuit Court of the First Circuit, State of Hawai'i) (collectively, the "Underlying Lawsuits").

10. The Plaintiffs in the Underlying Lawsuits (the "Underlying Plaintiffs") allege, <u>inter alia</u>, that, from 1959-1985, a certain Dr. Robert Browne ("Dr. Browne"),

3

a psychiatrist consulting for Kamehameha Schools, with an office location at SFMC, sexually abused approximately thirty-four male children in the course of his psychiatry practice, causing the Underlying Plaintiffs to allegedly suffer certain damages. The Underlying Plaintiffs further allege, under various factual and legal theories, that SFMC is liable for damages that the Underlying Plaintiffs allegedly suffered as a result of the sexual abuse.

11. Upon information and belief, Dr. Browne left SFMC at the end of December 1981.

12. The Trustees of the Estate of Bernice Pauahi Bishop dba Kamehameha Schools, Robert K.W.H. Nobriga, Corbett A.K. Kalama, Micah A. Kane, and Lance Keawe Wilhelm (collectively, "KS") are co-defendants in the Underlying Lawsuits.

13. KS has asserted cross-claims against SFMC for, inter alia, breach of contract, negligent hiring, credentialing, and supervising Dr. Browne, indemnity, contribution, and for the recovery of attorneys' fees under <u>Uyemura v. Wick</u>, 57 Haw. 102, 551 P.2d 171 (1976).

## THE SUBJECT INSURANCE POLICIES

14. As Dr. Browne left SFMC at the end of December, 1981, the relevant time period for the coverage dispute between Argonaut and SFMC is 1959-1981.

15. SFMC has tendered the Underlying Lawsuits, including the KS cross-claims, to Argonaut for defense and indemnity for some or all of the time period of 1959-1981.

16. Argonaut is currently providing SFMC a defense, subject to a reservation of rights, against the Underlying Lawsuits and KS's cross-claims.

17. After their respective performance of diligent good faith searches, neither SFMC nor Argonaut has been able to: (1) locate complete copies of any of the alleged policies; (2) establish the complete terms and conditions of any of the alleged policies; or (3) establish any of the material terms and conditions, other than the policy periods, for some of the policies.

## STATEMENT OF CLAIM

18. There is an actual and continuing controversy between Argonaut and SFMC, therefore, Argonaut seeks a determination from this Court, as to:

   a. What insurance policies Argonaut issued to SFMC from 1959-1981;

   b. The terms and conditions of any insurance policies that Argonaut may have issued to SFMC from 1959-1981; and

   c. The respective rights and duties, if any, owed to SFMC under any of the Argonaut insurance policies for the claims included in the Underlying Lawsuits and/or KS's cross-claims.

WHEREFORE: Argonaut prays for relief as follows:

A. For a binding declaration as to what insurance policies Argonaut issued to SFMC from 1959-1981;

B. For a binding declaration as to the enforceable terms and conditions of any insurance policies that the Court finds Argonaut to have issued to SFMC from 1959-1981;

C. For a binding declaration as to what duties Argonaut owes to SFMC related to the Underlying Lawsuits and/or KS's cross-claims under the terms of any Argonaut insurance policy as the Court finds them to have existed; and

D. For such other relief as the Court may deem appropriate under the circumstances.

DATED: Honolulu, Hawaii, December 21, 2018.

_____
ALAN VAN ETTEN, ESQ.
TRISTAN ANDRES, ESQ.
TAIKI N. HAYAKAWA, ESQ.

Attorneys for Plaintiff
ARGONAUT INSURANCE COMPANY